UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Guy Randy White Horse,

           Petitioner,

vs.                       REPORT AND RECOMMENDATION

Dwight L. Fondren,

           Respondent.        Civ. No. 08-6345 (PJS/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge upon routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B).

This action was commenced on December 12, 2008, by the filing of what purported to be a Petition for a Writ of Habeas Corpus pursuant to Title 28 U.S.C. §2241. See, Docket No. 1. However, by Order dated December 16, 2008, see, Docket No. 2, we concluded that the Petitioner's action could not be allowed to proceed as a Habeas matter, because he was **not** challenging the conviction, and sentence, for which he is in prison -- instead, the Petitioner claims that he is being wrongly deprived of the normal visitation, and telephone privileges, that are granted to other Federal

prisoners. Nonetheless, we advised the Petitioner that, if he chose to pursue his claims, this action could be converted into a civil action, as follows:

> 1. That the Petitioner is granted leave to file a new pleading in this action, to be entitled a "Civil Complaint," which shall comply with the pleading requirements prescribed in Rules 8 through 11, Federal Rules of Civil Procedure, and Local Rule 9.3.
>
> 2. That, if the Petitioner elects to file a civil Complaint in this action, then his new pleading must be accompanied by either (a) the filing fee for bringing a civil action in Federal Court -- namely, an additional $345.00, or (b) a properly completed application for leave to proceed in forma pauperis, together with the initial partial filing fee prescribed by Title 28 U.S.C. §1915(b)(1).
>
> 3. That, if the Petitioner has not satisfied all of the requirements of this Order, **within twenty (20) days of the date of this Order**, then we will recommend that this action be dismissed, without prejudice, pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Id. [emphasis in original].

The Petitioner has failed to abide by the terms of our Order of December 16, 2008.[1]

Since we have previously warned the Petitioner of the potential consequences for his

---

[1]On December 22, 2008, the Petitioner filed several documents with the Court, purportedly in support of his "complaint and petition." See, Docket No. 3. However, those documents fail to meet the pleading requirements prescribed in Rules 8 through 11, Federal Rules of Civil Procedure, and Local Rule 9.3, and as a result, they cannot be construed as a Civil Complaint, for purposes of the Petitioner's current claims.

failure to prosecute this action, and to abide by the Orders of this Court, we recommend that this action be dismissed, for failure to comply with this Court's Order of December 16, 2008, for failure to file a Civil Complaint and to pay the filing fee, and for lack of prosecution.

NOW THEREFORE, It is --

RECOMMENDED:

That this action be dismissed for failure to comply with this Court's Order of December 16, 2008, for failure to file a Civil Complaint and to pay the filing fee, and for lack of prosecution.

                    BY THE COURT:

Dated: January 15, 2009        *s/Raymond L. Erickson*
                                  Raymond L. Erickson
                                  CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than**

**February 2, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 2, 2009,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.